IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 25, 2004


ANNA FAYE FLOYD, ET AL. v. JOHNNY TESAR, ET AL.


Appeal from the Chancery Court for Sevier County
No. 01-2-065     Telford E. Forgety, Jr., Chancellor


FILED MAY 25, 2004


No. E2004-00025-COA-R3-CV


Anna Faye Floyd, Michael Everette Floyd, and David Earl Floyd, minor children, by and through their mother and natural guardian Linda Floyd ("Plaintiffs"), sued Johnny Tesar, Marsell Tesar, Jobey Green, Wilburn Green, and Martha Lee ("Defendants") to quiet title to land in Sevier County, Tennessee. After a bench trial, the Trial Court held, *inter alia*, that the minor Plaintiffs are the true owners of the land, and that Defendants Johnny Tesar and Marsell Tesar had committed fraud upon the Plaintiffs, knowingly clouded Plaintiffs' title, and trespassed upon Plaintiffs' land. The Trial Court also awarded Plaintiffs damages and attorney's fees against Defendants Johnny Tesar and Marsell Tesar. Defendants appeal but raise no specific issues on appeal and point to no error in the record. We affirm.


Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;
Case Remanded


D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., E.S. and CHARLES D. SUSANO, JR., J., joined.

Johnny Tesar, Sevierville, Tennessee, *pro se* Appellant.
Marsell Tesar, Murfreesboro, Tennessee, *pro se* Appellant.
Wilburn Green, Sevierville, Tennessee, *pro se* Appellant.

R. B. Hailey, Sevierville, Tennessee, for the Appellees, Anna Faye Floyd, Michael Everette Floyd, David Earl Floyd, by Linda Floyd, Mother and Natural Guardian, and Robert Crocker.

# MEMORANDUM OPINION[1]

Given the state of the briefs filed in this matter and the record, it is difficult to piece together a recitation of the facts in this case, let alone the issues on appeal. We even received a brief filed by a person who is neither a named party to this suit nor an *amicus curiae*. In addition, some of the named Defendants are not involved in this appeal.[2] Marsell Tesar, a named Defendant, filed an appellate brief, but voluntarily chose not to appear at trial.

Plaintiffs sued Defendants seeking to quiet title to parcels of real property in Sevier County, Tennessee totaling approximately eighty-two acres. Plaintiffs claimed, in part, that Defendants engaged in an "illegal, evil and nefarious scheme" to "steal a part of the minor [Plaintiffs'] land."

The case proceeded to a bench trial and a Final Judgment was entered December 17, 2003, holding, as relevant to this appeal, that the minor Plaintiffs Anna Fay Floyd, Michael Edward Floyd, and David Earl Floyd are the true owners of the property in question; that certain deeds to Defendants Marsell Tesar and Martha Lee concerning the property in question are null and void; and that Defendants Johnny Tesar and Marsell Tesar practiced a fraud upon the minor Plaintiffs, knowingly clouded Plaintiffs' title, and trespassed upon Plaintiffs' land. The Trial Court also awarded Plaintiffs nominal damages in the amount of $100 for the trespass and attorney's fees in the amount of $42,675.00, against Johnny Tesar and Marsell Tesar. Defendants appeal to this Court.

Our ability to resolve this appeal is hampered by the fact that Defendants make no reference to any part of the record which they claim shows any error by the Trial Court. Defendants also failed to raise any specific issue and instead argue only that both the trial and the Trial Court's decision were unfair. Neither do any of the parties, including those represented by counsel, cite to any legal authority in support of their position. On appeal, "[r]eview generally will extend only to those issues presented for review." Tenn. R. App. P. 13. Appellants, in this case the Defendants, are required to include in their brief, among other things, "[a] statement of the issues presented for review" and an argument "with citations to the authorities and appropriate references to the record . . . ." Tenn. R. App. P. 27 (a)(4) and (7).

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

[2] Jobey Green died during the pendency of this suit. An Administrator Ad Litem was appointed to represent Jobey Green's interest at trial, but no appeal was filed on Jobey Green's behalf. Also, Martha Lee has chosen not to appeal.

As best we can tell, Defendants object to the Trial Court's ultimate conclusion in the case. After a thorough review of the record, we hold that the evidence does not preponderate against the Trial Court's findings. As the evidence does not preponderate against the Trial Court's findings, and no error of law being shown or even argued, we affirm the Trial Court's Final Judgment entered December 17, 2003, in all respects.

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellants, Johnny Tesar and Marsell Tesar, and their surety.

_____
D. MICHAEL SWINEY, JUDGE